IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH HARROLD,

    **Plaintiff,**

    v.                                          CASE NO. 23-3202-JWL

JOHNSON COUNTY
RESIDENTIAL CENTER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Joseph Harrold is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff's motion to appoint counsel (Doc. 3) is denied without prejudice.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is a state prisoner currently residing at the Wichita Work Release Facility in Wichita, Kansas. However, his claims here are based on his confinement at the Johnson County Residential Center ("JCRC") in New Century, Kansas.

Plaintiff alleges that he was sexually assaulted by another inmate at the JCRC sometime between September and November of 2021. Plaintiff states that he was told upon arrival at the JCRC that the inmate, Courtney LNU, was housed in a private room because he had been exposing himself to others. Plaintiff awoke to Courtney touching him. Plaintiff filed a police report and a

1

Prison Rape Elimination Act ("PREA") report. When he returned to the JCRC after work, Courtney was still there and followed Plaintiff to his room. According to Plaintiff, Courtney was charged and convicted based on the assault. Plaintiff further alleges that he has suffered greatly and was never offered mental health treatment.

Plaintiff names as defendants the JCRC, Amy Rozelle, and Courtney LNU. He seeks relief in the form of $500,000 for mental harm.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Improper Defendants

Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). Therefore, the JCRC is subject to dismissal from the action.

Courtney LNU is also not a proper defendant to a § 1983 action because he is not a state actor. As noted above, to state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).  Because Courtney LNU did not have any authority under state law, he is not a proper defendant to this action and is subject to dismissal.

Last, Plaintiff names Amy Rozelle as a defendant.  He does not identify her in the Complaint.  If she is an employee of the Kansas Department of Corrections, she would be a state actor.  However, Plaintiff must describe how she personally participated in the alleged wrongdoing.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.  Defendant Rozelle is subject to dismissal because Plaintiff does not describe how she personally participated in any violation of his rights.

It further appears that Plaintiff may have intended to name other officers on duty at the time of the assault as defendants.  *See* Doc. 1, at 2.  If so, and if he chooses to file an amended complaint, he should name them as "John Doe" defendants and describe their involvement in the events.

**2. Failure to State a Claim**

As explained above, to state a claim under § 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." This action is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation. Plaintiff makes no reference to any federal constitutional provision or federal law in his complaint. He may believe that the United States Constitution was violated but simply failed to specify the constitutional provision. However, the Court is not free to "construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. It is not clear if Plaintiff is claiming a failure to protect under the Eighth Amendment, a failure to provide adequate health care under the Eighth Amendment, or some other constitutional violation. Thus, this action is subject to dismissal for failure to state a claim on which relief may be granted.

The Court will grant Plaintiff an opportunity to file an amended complaint in which he identifies the specific constitutional provision or provisions he believes were violated.

**3. Requested Relief Barred**

Plaintiff seeks relief in the form of compensatory damages. However, any request for compensatory damages is barred by 42 U.S.C. § 1997e(e) unless Plaintiff alleges a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's only requested relief therefore appears to be barred.

**4. Motion to Appoint Counsel**

Plaintiff has filed a Motion to Appoint Counsel (Doc. 3), which the Court has considered. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869

F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IV.  Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3202-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where

given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **October 11, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 11, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied** without prejudice.

**IT IS SO ORDERED**.

**Dated September 11, 2023, in Kansas City, Kansas.**


        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**

---

he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.